UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MICHAEL YANDAL, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 11-343-GFVT |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN HOLLAND, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Michael Yandal is an inmate incarcerated at the Federal Correctional Institution in Manchester, Kentucky. Yandal, proceeding without counsel, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]

In his petition, Yandal alleges that prison staff have been opening his legal mail outside of his presence, a practice he asserts is contrary to applicable federal regulations. Yandal seeks compensatory damages for these past actions and an injunction to prevent this from happening in the future. [R. 1 at 8.]

Yandal must utilize a civil rights action, rather than a habeas corpus petition pursuant to 28 U.S.C. § 2241, to pursue his claims. A § 2241 petition can be used to challenge the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). But a challenge to the BOP's handling of mail is a quintessential "conditions of confinement" claim which must be asserted under the civil rights laws. *Cf. Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007) ("[A]ny claim by the petitioner that prison officials have interfered or are interfering with his mail is a civil rights claim that is not cognizable on habeas review.") (*citing Thomas v. Keohane*, 1989 WL 63334, at \*2 (6th Cir. June 14, 1989)); *Abuhouran v. Morrison*,

46 F. App'x 349 (6th Cir. 2002); *Somerville v. Dewalt*, 2009 WL 649063, at *7 (E.D. Ky. Mar. 11, 2009).

When a prisoner files a habeas petition asserting claims which must be raised in a civil rights action, the district court should deny the petition without prejudice to allow the prisoner to assert the claims under the proper method. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Richmond v. Scibana*, 387 F.3d 602, 605-06 (7th Cir. 2004).

Accordingly, **IT IS ORDERED**:

1. Brian L. Yandal's's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

This 3rd day of January, 2012.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge